# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TAMMY MCCOY, an individual, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **JURY TRIAL DEMAND** |
| PLATEAU PEDIATRICS, PLC; DOES 1-5. | ) |
| Defendants. | ) |

# COMPLAINT

Comes now TAMMY MCCOY, by and through counsel, and sues Defendants PLATEAU PEDIATRICS, PLC; and DOES 1-5 as follows:

## SUMMARY OF THE CASE

1. Tammy McCoy had a long-term career working as a medical assistant for Defendant Plateau Pediatrics for over seventeen (17) years. McCoy worked through the height of the Covid-19 pandemic until Plateau Pediatrics summarily destroyed her career by terminating

1

her employment for non-compliance with its vaccine mandate. Plateau Pediatrics had the audacity to claim it knew McCoy's religious beliefs better than she does, despite never attending church with her, never communicating with her pastor, and never studying the Bible with her. Instead it arbitrarily assumed McCoy's religious beliefs were not sincere.

2. Plateau Pediatrics refused to grant McCoy, or any employee, a religious accommodation, despite other local medical practices and even the Cumberland Medical Center granting employees' requests for religious accommodation from the Covid-19 Vaccine mandate. Plateau Pediatrics likewise could have accommodated McCoy without undue hardship. Indeed, Plateau Pediatrics allowed McCoy to work for two months unvaccinated after its vaccine mandate, from November 21, 2021 to January 26, 2022! Defendant's own actions show it would have suffered no hardship had it given McCoy an accommodation.

3. Defendants' actions violated McCoy's rights to be free from religious discrimination by refusing to provide McCoy a religious accommodation and by refusing to recognize McCoy's sincerely held religious beliefs.

**PARTIES**

4. Plaintiff Tammy McCoy is an individual who, during all relevant times, resided in Cumberland County, Tennessee, within the district. She was employed by Defendants, and as such, she is and was protected by Title VII of the Civil Rights Act of 1964. She is a member of a protected class on account of her religion, Christian.

5. Defendant PLATEAU PEDIATRICS, PLC, is duly registered to conduct business in the State of Tennessee, whose principal office address is 3234 Miller Avenue, Crossville, Tennesse.It is an employer subject to Title VII in that it employs more than fifteen (15) employees.

6. Plaintiff is informed and believes and thereon alleges that the fictitiously- named Defendants sued herein as Does 1 through 5 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages

2

were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, LLC, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously named Defendants when the same have been ascertained. For convenience, each reference to the named Defendants herein shall also refer to Does 1 through 5, inclusive.

## JURISDICTION AND VENUE

7. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq, Plaintiff seeks damages for unlawful discrimination arising from her termination due to her religion.

8. Jurisdiction of this Court is based on a claim of deprivation of Federal Civil Rights and invoked pursuant to the following statues:

    a. 28 U.S.C. § 1331, giving district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; and

    b. 28 U.S.C. § 1343, giving district courts original jurisdiction over actions to secure civil rights extended by the United States governments.

9. Plaintiff timely filed a charge of religious discrimination with the Equal Employment Opportunity Commission ("EEOC").

10. Plaintiff received a Notice of Right to Sue from the EEOC. Plaintiff has therefore exhausted her administrative remedies, and this Complaint was timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

11. Venue is proper in the Middle District of Tennessee because of the events or omissions giving rise to the claims alleged herein occurred in this District and because one or more Defendants operate its businesses in this District. [28 U.S.C. §1391.]

## JURY TRIAL DEMAND

12. Plaintiff McCoy demands a jury trial.

## FACTUAL ALLEGATIONS

13. Plaintiff Tammy McCoy was hired as medical assistant for Defendant Plateau Pediatrics on or about September 20, 2004.

14. Plaintiff McCoy was a good employee who received positives reviews and raises throughout the course of her employment with Defendants.

15. On November 5, 2021, Defendants notified its employees that it was implementing a mandatory vaccine policy with respect to the Covid-19 vaccine, because the Center for Medicare and Medicaid Services ("CMS") required such vaccination for medical facilities to be able to receive Medicare and Medicaid funds/patients.

16. Defendants required all employees to be vaccinated by November 21, 2021, or to submit a medical or religious accommodation request by such date, or a resignation by such date.

17. Plaintiff McCoy submitted a request for religious accommodation on November 18, 2021.

18. Plaintiff McCoy is a Christian and was baptized in 2006.

19. McCoy objected to the vaccines' use of aborted fetal tissue in the development and/or testing of the vaccines. She believes abortion is murder of an innocent baby, and that life begins at inception and is given by God. McCoy gets her understanding from the Holy Bible, which she believes clearly explains that murder and abortion are strictly forbidden. This belief is based in part on Jeremiah 1:4-5, as well as Exodus 20:13, Psalm 139:13-16, and Isaiah 49:15. McCoy believes it would be a sin for her to inject aborted fetal tissue into her body, or to participate in a vaccine that was developed or tested using aborted fetal tissue. Indeed, the very thought of it is abhorrent to her Christian views.

20. McCoy also believes she is made into the image and likeness of God and that her body is the temple of the Holy Spirit. This belief is based on her understanding of the Bible, e.g. 1 Corinthians 6:19 and Genesis 1:26. She believes that to alter or change her body's DNA is a sin, as it would change her from being made in God's image. McCoy believes that to insert man-made messenger RNA (mRNA) into her body would alter or change the foundational structure of her body and violate God's design, changing her from being made in God's image. To do this would be a sin for McCoy.

21. McCoy also believes that because her body is God's temple, she must honor and guard it by not putting things into it that are sinful.

22. McCoy prayed about whether or not to get the Covid-19 vaccine. McCoy felt that God answered her prayers, instructing her not to get a Covid-19 vaccine and that it would be a violation of His Holy scriptures.

23. McCoy is not a pastor and does not have formal religious training. McCoy explained her religious beliefs as best as she could in her own lay terms. She submitted a lengthy letter expressing her faith and her religious conviction that God's will for her was to decline the Covid-19 vaccine.

24. At no time did Defendants request a letter from McCoy's religious leader, or any supplemental explanation of her religious beliefs with respect to the Covid-19 vaccine.

25. When CMS's mandate was challenged at the Supreme Court, Defendants dropped its vaccine mandate pending resolution of the Supreme Court case.

26. After the United States Supreme Court upheld CMS's mandate in January 2022, Defendant's reinstated its Covid vaccine mandate.

27. Although Defendants made a show of permitting employees to submit requests for religious exemptions from its vaccine mandate, on information and belief, it failed and refused to grant any such exemptions.

28. Defendants' religious accommodation process was a sham and pretext for outright religious discrimination.

29. On or about January 20, 2022, Defendants summarily denied Plaintiff McCoy's request for a religious accommodation to its Covid vaccine mandate policy.

30. Defendants told McCoy she had until January 27, 2022 to get vaccinated or resign.

31. However, Defendants did not give Plaintiff until January 27, 2022, as it stated it would. Instead, it retaliated against McCoy for refusing its demands to get vaccinated against her religious beliefs, and terminated her a day early, on January 26, 2022.

32. Based on information and belief, Defendants did not require independent contractors, vendors, patients, visitors, or any other individuals that entered Defendants' premises to be vaccinated.

33. Defendants did not engage in any interactive process with Plaintiff McCoy to explore possible accommodations. Instead, Defendants sought to pressure McCoy to get vaccinated on threat of losing her job and belittled her religious beliefs.

34. Because of the religious discrimination Plaintiff McCoy suffered, she continues to suffer both financial loss and emotional distress.

35. Although Defendants seek to justify its vaccine mandate as complying with a Federal mandate, the relevant Federal requirement explicitly required health care institutions to offer medical and religious accommodations as required by Federal civil rights laws.

36. On information and belief, there existed ample safety procedures to protect patient health and safety such as masking, testing, distancing, monitoring of temperature and health symptoms, and wearing other personal protective equipment. Defendants had been implementing these procedures successfully from the start of the pandemic until January 26, 2022.

37. Plaintiff McCoy was willing to continue using these safety procedures to protect patients, staff and visitors.

38. Defendants could have allowed McCoy to continue using the safety procedures after January 26, 2022 without undue hardship, as it allowed patients, contractors, visitors, vendors, and others to do so.

39. Moreover, numerous other medical providers granted both medical and religious accommodations for health care workers who refused the Covid-19 vaccine and did not suffer undue hardship, including the Cumberland County Medical Center.

40. Ascension's St. John Health System was prohibited from implementing its employee vaccination mandate by a Tulsa County judge, in response to a lawsuit by the Oklahoma Attorney General's office. Ascension St. John Health System was able to continue operating without jeopardizing patient health and safety, and without creating an undue hardship, despite being blocked from implementing its vaccine mandate.

**FIRST CAUSE OF ACTION**
**RELIGIOUS DISCRIMINATION IN**
**VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, et seq.**
*Against all Defendants*

41. McCoy realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

42. At all times herein mentioned, the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. was in full force and effect and was binding on Defendants.

43. Under Title VII, it is unlawful for an employer to discharge a person or "to discriminate against any person with respect to her compensation, terms, conditions, or privileges of employment" because of a person's "religion." 42 U.S.C. § 2000e-2. A person's religion "includes all aspects of religious observance and practice, as well as belief." *Id.* at § 2000e.

44. When faced with requests for religious accommodation, employers are obligated to provide reasonable accommodation to an employee's religious observance or practice. 42

U.S.C. 2000e(j). Protected religious belief or observance includes "all aspects of religious observance and practice, as well as belief." Id.

45. Employers are also required to engage in a good faith interactive process with the employee to determine whether they can be reasonably accommodated without undue hardship.

46. McCoy was a member of a protected class based on her religion as broadly defined to include both religious beliefs and practices. She is Christian.

47. McCoy had sincerely held religious beliefs based on her understanding of the Bible and her communication with God, that prevented her from receiving a Covid-19 vaccine.

48. McCoy was qualified for the position as she had been performing satisfactorily for many years.

49. Despite McCoy notifying Defendants of her need for religious accommodation to the COVID-19 vaccine, Defendants utterly failed to comply with legal obligations both to explore available reasonable alternative accommodations, and to offer a religious accommodation.

50. By failing and refusing to provide McCoy a religious accommodation, Defendants discriminated against her, removing her from her position, placing her on unpaid leave, and terminating her.

51. Defendants accommodation process was a sham, as it pre-determined it would deny all religious accommodation requests.

52. Defendants subjected McCoy to an adverse employment action in that it terminated her employment.

53. Defendant's termination of McCoy was substantially motivated by her religion, in that it fired her because of her religious objection to receiving the Covid-19 vaccine.

54. At no time did Defendants suffer undue hardship while McCoy worked unvaccinated.

55. Defendants could have accommodated McCoy without undue hardship, just as it had allowed her to work unvaccinated until its vaccine mandate went into effect on November 21, 2021.

56. Defendants never explained why an accommodation was not possible. Indeed, after mandating Covid vaccination by November 21, 2021, during the height of the Omicron variant, Defendants rescinded its vaccine mandate pending the Supreme Court ruling. Defendant then allowed McCoy to work two more months unvaccinated, which McCoy did. Defendant did not suffer any undue hardship during these two additional months that McCoy worked after its vaccine mandate. Thus, Defendants own actions prove that accommodation was possible without undue hardship.

57. Defendants could have accommodated McCoy without undue hardship, just as it did not suffer undue hardship by allowing patients, visitors, vendors, contractors, and others to enter its premises unvaccinated.

58. Defendants also could have accommodated McCoy and allowed her to work unvaccinated without suffering undue hardship, just as Cumberland Medical Center (aka Covenant Health Cumberland) accommodated its employees and did not suffer undue hardship.

59. Defendants also could have accommodated McCoy and allowed her to work unvaccinated without suffering undue hardship, just as Ascension St. John Health System did in Oklahoma for all of its employees, and it did not suffer undue hardship.

60. Defendant's discriminatory actions violated Plaintiff's rights not to suffer discrimination on account of her religion pursuant to 42 U.S.C § 2000e-2.

61. Title VII of the Civil Rights Act prohibits employers from terminating employees due to their religion.

62. Defendants also treated McCoy differently than other individuals outside her protective class, in that it allowed independent contractors, vendors, patients, visitors, and other individuals, to enter its premises without requiring proof of vaccination.

63. The actions complained of herein constitute religious discrimination.

9

Case 2:23-cv-00070   Document 1   Filed 11/27/23   Page 9 of 11 PageID #: 9

64. As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

65. As a further direct and proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

66. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

67. Defendant's conduct was despicable, intentional, and reckless. The acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

**PRAYER FOR RELIEF**

**WHEREFORE**, McCoy prays judgment against Defendants as follows:

1. Declaratory Relief, declaring that Defendants violated Plaintiff's rights to be free of discrimination in the workplace;
2. All available injunctive relief, including reinstatement; requiring Defendants to adopt adequate policies with respect to religious discrimination, accommodation, retaliation and harassment; and requiring Defendants to provide training on these policies to managers and human resources professionals;
3. Compensatory economic damages, including, but not limited to, back pay, front pay, lost benefits;

4. Compensatory non-economic damages, including, but not limited to, pain, suffering and emotional distress, in an amount according to proof at trial.

5. Order Defendants to pay prejudgment interest;

6. Order Defendants to pay punitive damages sufficient to make an example of and to punish Defendants.

7. Order Defendants to pay liquidated damages.

8. Order Defendants to pay Plaintiff's reasonable attorney's fees and costs.

9. Grant such further relief as this Court deems just and proper.

Dated: November 27, 2023
Lynchburg, TN.

*s/ Jonathon Cherne*
Jonathon S. Cherne (BPR# 041364)
CHERNE LAW, P.C.
P.O. Box 305
Lynchburg, TN 37352
615-714-7149
jcherne@chernelaw.com

Counsel for Plaintiff Tammy McCoy